Filed 1/5/15  Rahnama v. Rahnama CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MADJID RAHNAMA,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DAVOOD RAHNAMA et al.,<br><br>  Defendants and Appellants. | F066985<br><br>(Super. Ct. No. F011CECG02827)<br><br>**OPINION** |

-ooOoo-

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Carlos A. Cabrera, Judge.

Davood Rahnama, in pro. per., for Defendant and Appellant.

Debbie Renna, in pro. per., for Defendant and Appellant.

Madjid Rahnama, in pro. per., for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Cornell, J. and Kane, J.

Respondent Madjid Rahnama, and appellants, Davood Rahnama and Debbie Renna, are in the used car business. Madjid and Davood[1] are brothers and Renna is Davood's domestic companion.

Madjid filed the underlying action against Davood and Renna alleging that they unlawfully appropriated vehicles that belonged to Madjid and sold these vehicles at auction by forging signatures on the title documents. Following a court trial, judgment was entered in favor of Madjid. The trial court found that Madjid was more credible than Davood and Renna and that the documentation presented supported Madjid's contentions by "a preponderance of the evidence."

Davood and Renna contend the judgment must be reversed on the ground that Madjid submitted fraudulent documents to the trial court. According to Davood and Renna, Madjid's proof of ownership of the vehicles is not legitimate because he tampered with the memo portions of certain checks and forged signatures.

At oral argument both parties stated that the evidence Davood and Renna rely on was before the trial court. The trial court made factual and credibility findings based on this evidence and the parties' testimony.

We must accept as true all evidence that tends to establish the correctness of the trial court's findings and resolve every conflict in favor of the judgment. We do not reweigh the evidence on appeal. (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822.) Further, credibility determinations are within the exclusive province of the trial court. (*Id*. at p. 823.)

A trial court order is presumed correct. The burden is on the appellant to affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

---

[1]    We refer to the parties by their first names for clarity. No disrespect is intended.

Here, Davood and Renna are requesting this court to re-examine and reweigh the evidence that was submitted to the trial court. We cannot comply with this request. Accordingly, Davood and Renna have not met their burden to affirmatively show error on appeal.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent.